**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 19-cv-0833-WJM-NRN

GENE GEIGER,

     Plaintiff,

v.

U.S. SECURITIES AND EXCHANGE COMMISSION,

     Defendant.

---

**ORDER ADOPTING OCTOBER 2, 2019 RECOMMENDATION OF MAGISTRATE
JUDGE AND GRANTING DEFENDANT'S MOTION TO DISMISS**

---

This matter is before the Court on the October 2, 2019 Recommendation of
United States Magistrate Judge N. Reid Neureiter ("Recommendation") (ECF No. 31)
that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to
State a Claim on Which Relief Can Be Granted (ECF No. 13) be granted. The
Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B);
Fed. R. Civ. P. 72(b).

For the reasons explained below, Plaintiff's Objection (ECF No. 34) is overruled,
the Recommendation is adopted in its entirety, the Motion to Dismiss is granted,
judgment will enter in Defendant's favor, and this case will be terminated.

## I. BACKGROUND

Plaintiff Gene Geiger ("Geiger") was previously a registered representative with a
securities broker-dealer firm in Colorado. (ECF No. 1 ¶ 4.) In September 2004, the
United States Securities and Exchange Commission ("SEC") instituted administrative

proceedings against him and certain colleagues based on alleged violations of federal securities laws. (*Id.*; ECF Nos. 13-1, 13-2.) An SEC-appointed administrative law judge ("ALJ") held a hearing in January 2005 and eventually issued an initial decision that was unfavorable to Geiger. (ECF No. 1 ¶ 4; ECF No. 13-1.) Geiger administratively appealed to the SEC itself (*i.e.*, the commissioners who preside over the agency). (ECF No. 13-2.) The SEC sustained the ALJ's decision in January 2008, thus making it final, and ordered disgorgement of approximately $873,000. (*Id.*)

By statute, Geiger could have appealed the SEC's decision to the Tenth Circuit or the D.C. Circuit. *See* 15 U.S.C. § 78y(a). Others charged alongside Geiger appealed to the D.C. Circuit, *see Zacharias v. SEC*, 569 F.3d 458 (D.C. Cir. 2009), but Geiger filed no appeal, there or anywhere. Geiger eventually declared bankruptcy. (ECF No. 13 at 6 n.7.) In 2011 or 2012, the bankruptcy trustee distributed almost $744,000 from the bankruptcy estate to the SEC in partial satisfaction of the SEC's claim. (*Id.*)

In June 2018, the United States Supreme Court held in *Lucia v. SEC*, 138 S. Ct. 2044, 2053–55 (2018), that SEC ALJs are "Officers of the United States" within the meaning of the Constitution's Appointments Clause (art. II, § 2, cl. 2), and therefore can only be appointed by the President, a court of law, or the head of a federal government department.

Geiger filed this action on March 20, 2019. (ECF No. 1.) He claims that *Lucia* demonstrates that the proceedings against him fifteen years prior were unconstitutional. (*Id.* ¶ 5.) He therefore asks the Court to set aside the ALJ's initial decision and order the SEC to return the $744,000 collected, with interest. (*Id.* at 3.)

The SEC moved to dismiss on numerous grounds. (ECF No. 13.) After the SEC filed the motion, but before briefing was complete, the Tenth Circuit decided *Malouf v. SEC*, 933 F.3d 1248 (10th Cir. 2019). *Malouf* involved materially the same fact pattern present here (a pre-*Lucia* SEC enforcement proceeding leading to sanctions), and the Tenth Circuit held that the appellant had forfeited any argument based on the Appointments Clause by not raising it in the underlying SEC proceedings. *Id.* at 1255–58.

This Court referred the SEC's Motion to Dismiss to Magistrate Judge Neureiter. (ECF No. 14.) Judge Neureiter found that Geiger, like the appellant in *Malouf*, had never raised and Appointments Clause argument with the SEC. (ECF No. 31 at 7.) Thus, Judge Neureiter recommended that this case be dismissed on the authority of *Malouf*. (*Id.* at 6–10.)

## II. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## III.  ANALYSIS

Geiger objects to the Recommendation as follows:

> I was not aware, nor could I have been aware, that the
> Administrative Law Judge hearing my case before the [SEC]
> was not appointed as required by the appointments clause of
> the United States Constitution.  I could not [have] been
> aware because the Supreme Court did not make such a
> ruling until 2016 [*sic*], and prior to that point the SEC had
> apparently rejected each and every appointment law
> challenge that had been raised.  Thus the assertion that,
> even if raised, this objection would not have been futile at
> the time is incorrect.

(ECF No. 34 at 1.)  *Malouf* addressed this precise futility argument and rejected it.  *See*
933 F.3d at 1256–57.  This Court is required to follow precedential Tenth Circuit
decisions.  Accordingly, this objection must be overruled.

Geiger further argues:

> [I]f the Administrative Law Judge hearing my case was not
> appointed pursuant to the requirements of the appointments
> clause of the United States Constitution, then that hearing
> officer did not have subject matter jurisdiction to hear my
> case.  Subject matter jurisdiction objections are not
> waivable.

(ECF No. 34 at 1.)  Geiger did not raise this argument in his response to the SEC's
motion (*see* ECF No. 26) and so Judge Neureiter never had an opportunity to address
it.  "Issues raised for the first time in objections to the magistrate judge's
recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th
Cir. 1996).  Thus, the Court need not reach this argument.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      The Magistrate Judge's Recommendation (ECF No. 31) is ADOPTED in its

        entirety;

2.   Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim on Which Relief Can Be Granted (ECF No. 13) is GRANTED and this case is accordingly DISMISSED WITH PREJUDICE;

3.   The Clerk shall enter judgment in favor of Defendant and against Plaintiff, and shall terminate this case; and

4.   The parties shall bear their own costs.

Dated this 6th day of February, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge